LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. James D. Hodges died intestate on October 26, 2007, leaving his wife of almost nine years, Susan H. Hodges, and his adult son by a previous marriage, Robert Shelby Daniel Hodges (“Daniel”). At the time of his death, James owned two homes: one at 1105 4th Street Southeast in Magee, Mississippi, and the other at 1107 4th Street Southeast in Magee, Mississippi. The 1105 property was owned by James, individually, subject only to a life estate in favor of his father, Robert O. Hodges, who is deceased. James and Susan claimed the 1105 property as the homestead and were afforded a homestead exemption for tax purposes. At the time of James’s death, James and Susan were living in the 1105 property. The 1107 property was owned by James and Susan as tenants by the entirety with the right of survivorship and not as tenants in common. At the time of James’s death, James’s son Daniel was living in the 1107 property. Essentially, Susan legally owned the 1107 property yet lived in the 1105 property.
¶ 2. The Simpson County Chancery Court found that when James died, the fee simple ownership of the 1107 property vested in Susan by operation of law. The trial court also found that the 1105 property and the 1107 property were of equal value. Applying Mississippi Code Annotated section 91-1-19 (Rev.2004), the trial court found that the 1105 property was exempt property and was not part of the estate; therefore, it vested in fee simple to Daniel. Additionally, the trial court ordered Daniel to pay Susan $6,000.
¶ 3. Susan now appeals, arguing the trial court erred in: (1) finding the properties were equal in value and applying Mississippi Code Annotated section 91-1-19; (2) *152 failing to consider Susan’s use of the 1105 property under Mississippi Code Annotated section 91-1-23 (Rev.2004); (3) allowing the appraiser’s report into evidence without supporting testimony or cross-examination; and (4) not allowing Susan’s appraisal to be admitted into evidence. Finding the issue of the admittance of the appraiser’s report dispositive, we will not address the other three issues on appeal.
STANDARD OF REVIEW
¶4. A trial judge’s decision to admit or exclude evidence is reviewed for abuse of discretion. Wright v. Royal Carpet Servs., 29 So.3d 109, 113 (¶ 9) (Miss.Ct.App.2010). “If an error involves the admission or exclusion of evidence, this Court will not reverse unless the error adversely affects a substantial right of a party.” Id. (internal quotations omitted).
DISCUSSION
¶ 5. At a hearing on July 19, 2010, Judge Larry Buffington ordered Daniel to obtain an appraisal of both properties, specifically noting if Susan was not happy with the appraisal, she could obtain her own. Daniel retained David Livingston to perform appraisals of both the 1105 property and the 1107 property. Susan did not retain an appraiser to appraise either property.
¶ 6. On June 6, 2011, a hearing was held before Judge David Shoemake, who had inherited the case from Judge Buffington. At the hearing, Daniel sought to admit both appraisals into evidence. Susan objected on the ground that Daniel did not call Livingston to testify and, therefore, did not have a sponsoring witness through which to admit the appraisals. Judge Shoemake admitted the appraisals, noting that Judge Buffington had requested them.
¶ 7. Susan argues that the trial judge erred in not requiring Livingston to be called as a sponsoring witness to testify about his opinion in order determine the reliableness of his appraisals.
¶ 8. This Court has stated, “Prior to its admission into evidence, a document or photograph must be authenticated.” Crutcher v. State, 68 So.3d 724, 730 (¶ 12) (Miss.Ct.App.2011). Mississippi Rule of Evidence 901(a) states that “authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.” One illustration in Rule 901(b)(1) is for testimony of a witness with knowledge that “a matter is what it is claimed to be.”
¶ 9. For Livingston to be called as a sponsoring witness under Rule 901, he would have to meet the requirements for an expert witness under Mississippi Rule of Evidence 702 because his testimony would be based on the “specialized knowledge” required for an appraiser. Under Rule 702, a witness with “specialized knowledge” may testify to his opinion if “(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.”
¶ 10. When determining the admissibility of an expert’s testimony, the trial judge, applying a “modified Daubert standard[,] ... must first determine whether expert testimony is relevant and, second, whether the proffered testimony is reliable.” Adcock v. Miss. Transp. Comm’n, 981 So.2d 942, 946-947 (¶14) (Miss.2008) (citing Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)). Relevancy is determined by Mississippi Rule of Evidence 401 to be evidence that tends “to *153 make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” Clearly, the appraiser’s evaluations of the properties are relevant to the determination of the property division, therefore meeting the first prong of the modified Daubert standard.
¶ 11. In order to determine reliability under the second prong of the Dau-bert standard, the party requesting the expert testimony to be admitted must offer proof “that the expert’s opinion is based upon scientific methods and procedures, not unsupported speculation.” Adcock, 981 So.2d at 947 (¶ 16). The trial judge may look to factors including:
“whether the theory or technique can be and has been tested; whether it has been subjected to peer review and publication; whether there is a high known or potential rate of error; whether there are standards controlling the technique’s operation; and whether the theory or technique enjoys general acceptance” within the expert’s particular field.
Id. (quoting Miss. Transp. Comm’n v. McLemore, 863 So.2d 31, 37 (¶ 13) (Miss.2003)).
¶ 12. The trial judge abused its discretion when it allowed the appraisals to be admitted into evidence without the appraiser as a foundational witness under Rule 901. Furthermore, Daniel offered no proof of Livingston’s methods or procedures for appraising either property. None of the applicable reliability factors were considered prior to admitting the appraisals. Additionally, Susan never had the ability to cross-examine Livingston on his methods or procedures.
¶ 13. An error constitutes reversible error “when it affects the final result of the case and works adversely to a substantial right of the party assigning it.” Catholic Diocese of Natchez-Jackson v. Jaquith, 224 So.2d 216, 221 (Miss.1969). The trial judge relied on the appraisals to determine the division of the properties, therefore affecting the final result of the ease. For this reason, we reverse the decision of the Simpson County Chancery Court.
¶ 14. THE JUDGMENT OF THE SIMPSON COUNTY CHANCERY COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ„ CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., NOT PARTICIPATING.